UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCIENCE APPLICATIONS INTERNATIONAL CORPORATION,<br><br>                Petitioner<br><br>v.<br><br>THE HELLENIC REPUBLIC,<br><br>                Respondent. | Civil Action No. 18-cv-327 |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 1610(c)

James E. Berger
Charlene C. Sun

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York, 10036
Tel: 212-556-2202
Fax: 212-556-2222
jberger@kslaw.com
csun@kslaw.com

*Attorneys for Petitioner Leidos, Inc.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii
I. FACTUAL BACKGROUND ........................................................................................1
II. ARGUMENT ..................................................................................................................3
 A. Relief Pursuant to 28 U.S.C. § 1610(c) is Warranted ..............................................3

# TABLE OF AUTHORITIES

**Cases**

*Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*,
   No. 1:16-cv-00661-RC, Order (D.D.C. June 9, 2017) ............................................................. 3, 4

*Elliott Assoc., L.P. v. Banco De La Nacion*,
   No. 96 Civ. 7916 (RWS), 2000 WL 1449862 (S.D.N.Y. Sept. 29, 2000) ................................. 3

*Gold Reserve v. Bolivarian Republic of Venez.*,
   No. 14-2014-JEB, Order (D.D.C. Jan. 20, 2016) ................................................................... 3, 4

*Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*,
   No. Civ.A. H–01–0634, 2002 WL 32107929 (S.D. Tex. Jan. 25, 2002) ................................ 3, 4

*Leidos, Inc. v. Hellenic Republic*,
   881 F.3d 213, 216 (D.C. Cir. Feb. 2, 2018) ................................................................................ 1

*Ned Chartering & Trading, Inc. v. Republic of Pak.*,
   130 F. Supp. 2d 64 (D.D.C. 2001) .............................................................................................. 2

*Owens v. Republic of Sudan*,
   141 F. Supp. 3d 1 (D.D.C. 2015) ............................................................................................ 2, 4

**Statutes**

28 U.S.C. § 1610(c) ................................................................................................................ 1, 2, 3, 4

28 U.S.C. § 1961 ........................................................................................................................... 2

**Other Authorities**

Fed. R. Civ. P. 59(e) .................................................................................................................. 1, 3

H.R. Rep. No. 1487, 94th Cong., 2d Sess. 30 (1976) .................................................................. 2

Petitioner Leidos, Inc. ("Leidos") hereby moves for an order determining that a "reasonable period of time," within the meaning of 28 U.S.C. § 1610(c), has elapsed since the entry of the amended judgment herein (the "Judgment"), which was issued by the U.S. District Court for the District of Columbia ("D.C. Court") (Case No. 13-cv-1070, Dkt. 69)[1] and duly registered in this Court on July 11, 2018. The Judgment confirmed an arbitral award against Respondent The Hellenic Republic. The Hellenic Republic has refused to satisfy the Judgment voluntarily, and Leidos should be permitted to take steps to enforce it in the United States without further delay. The motion should be granted.

I.   **FACTUAL BACKGROUND**

On July 2, 2013, an arbitral tribunal convened under the auspices of the International Chamber of Commerce, International Court of Arbitration (the "ICC") issued a final award (the "Award"). The Award ordered The Hellenic Republic to pay €39,818,298 in damages for breach of contract and arbitration costs totaling US$162,500. The Award also awarded simple interest at the rate of six percent against €38,751,920, which excludes €1,066,378 in interest for late payments by The Hellenic Republic, from the date that The Hellenic Republic was served the Award, which was Thursday, July 11, 2013. *See* D.C. Dkt. No. 1-1, Declaration of Marques O. Peterson ("Peterson Decl.") ¶¶ 11–13.

On July 12, 2013, Leidos filed a Petition to Confirm Arbitration Award and to Enter Judgment in the D.C. Court. Dkt. No. 1. After approximately three years of intermittent stays, status updates, motions, and parallel litigation in Greek courts, the D.C. Court confirmed the Award and entered judgment—in Euros—in favor of Leidos on January 6, 2017. D.C. Dkt. No. 55. Pursuant to Rule 59(e), Leidos then moved to convert the Award into U.S. dollars based on the exchange rate on July 2, 2013 (the date of the Award). Dkt. No. 56. The D.C. Court granted

---

[1] References to the DC Court's docket entries are indicated hereafter as "D.C. Dkt."

1

the motion (D.C. Dkt. Nos. 59, 60) and entered an amended judgment in favor of Leidos on April 18, 2017 (D.C. Dkt. No. 61).

The Hellenic Republic filed a notice of appeal on May 10, 2017. D.C. Dkt. No. 62. The Hellenic Republic challenged only the conversion of the Award to U.S. dollars from Euros. *See Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 216 (D.C. Cir. Feb. 2, 2018) ("The Hellenic Republic now appeals only the conversion of the arbitral award under Rule 59(e)."). The Court of Appeals for the District of Columbia Circuit reversed, and on remand, the D.C. Court vacated the amended judgment that was entered in this case on April 18, 2017 (D.C. Dkt. No. 61), and on May 29, 2018 entered the Judgment, *nunc pro tunc* as of January 6, 2017 (D.C. Dkt. No. 69). *See* D.C. Dkt. No. 72. The Court directed The Hellenic Republic to pay Leidos €47,933,905.64 plus US$196,531.51, as well as post-judgment interest pursuant to 28 U.S.C. § 1961 from the entry of judgment on January 6, 2017 until the Judgment is satisfied. D.C. Dkt. No. 69. Leidos registered the Judgment in this Court as of right pursuant to 28 U.S.C. § 1963 on July 11, 2018 (S.D.N.Y. No. 18-cv-327, Dkt. No. 1).

On July 3, 2018, one of The Hellenic Republic's lawyers stated to Petitioner's Greek counsel that The Hellenic Republic no longer wishes to contest the Award and would take steps to pay the Judgment. On July 13, counsel for the Greek Ministry of Interior ("MoI") followed up with a letter to Petitioner's counsel stating a division within MoI "has initiated the necessary actions … to achieve the completeness of the procedures to issue a monetary order for the payment" of Petitioner. The July 13 letter makes no mention of the amount, timing, or manner of the supposed forthcoming payment, and no U.S.-based representative of The Hellenic Republic has corroborated (either verbally or in writing) that The Hellenic Republic intends to pay the

Judgment. Declaration of Charlene C. Sun dated October 22, 2018 ("Sun Decl."), ¶ 6 Ex. B at ¶¶ 22-25.

While The Hellenic Republic represented to Leidos' counsel that it no longer wishes to contest the Award and wishes to satisfy it voluntarily, its conduct has created uncertainty concerning its true intentions. The Hellenic Republic has continued prosecuting an action before the Supreme Court of The Hellenic Republic in which it seeks to annul the Award, and on September 5, sought a temporary restraining order from its Supreme Court to suspend enforcement of the Award in The Hellenic Republic. On September 7, the Greek Supreme Court – **despite previously rejecting The Hellenic Republic's objections to the Award** – granted the temporary restraining notice pending a hearing on October 1 (at which the Greek Supreme Court granted further injunctive relief suspending enforcement of the Award in Greece until a hearing to be held on December 3). Furthermore, on September 6, the day after seeking the temporary restraining order, a Greek ministry demanded that Leidos, as a prerequisite to any payment, post a letter of guarantee that would allow The Hellenic Republic to claw back the payment proceeds with no prior judicial process if the Greek courts vacated the Award. Leidos rejected this condition, and The Hellenic Republic has not made any payment, despite the fact that the Award, at this point, is over five years old, and the Judgment was rendered almost five months ago. Sun Decl., ¶¶ 7-10, Exs. C, D. In view of this record, the statements by The Hellenic Republic's lawyer that it wishes to drop its challenges and satisfy the Award voluntarily are difficult to accept at face value, and Leidos fears that those statements may either have been unauthorized or insincere.

II. ARGUMENT

    A. **Relief Pursuant to 28 U.S.C. § 1610(c) is Warranted**

Section 1610(c) of the Foreign Sovereign Immunities Act ("FSIA") provides that when a judgment has been entered against a foreign state, attachment of the foreign state's property in the United States in execution of the judgment is permitted once "the court ... determined that a reasonable period of time has elapsed following the entry of judgment..." 28 U.S.C. § 1610(c). While § 1610(c) provides no express guidance to assess the amount of time following the entry of judgment that is "reasonable," this Court has found it proper to consider "the procedures necessary for the foreign state to pay the judgment (such as the passage of legislation), evidence that the foreign state is actively taking steps to pay the judgment, and evidence that the foreign state is attempting to evade payment of the judgment." *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 8 (D.D.C. 2015); *Ned Chartering & Trading, Inc. v. Republic of Pak.*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (citing the legislative history of the FSIA at H.R. Rep. No. 1487, 94th Cong., 2d Sess. 30 (1976)).

Courts, including courts in this District, have repeatedly found a "reasonable" period of time to have passed for purposes of 28 U.S.C. § 1610(c) where the judgment creditor's motion was filed between ten days and several months following entry of judgment. For instance, in *Ned Chartering*, this Court found a period of six weeks to be "reasonable." *See* 130 F. Supp. 2d at 67; *see also, e.g.*, *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, No. Civ.A. H–01–0634, 2002 WL 32107929, at *2 (S.D. Tex. Jan. 25, 2002) (finding a period of fifty days to be "reasonable" for purposes of a motion brought pursuant to § 1610(c)); *Gold Reserve v. Bolivarian Republic of Venez.*, No. 14-2014-JEB, Order (D.D.C. Jan. 20, 2016) (granting petitioner's motion for an order pursuant to 28 U.S.C. § 1610(c) two months after entry of judgment); *Elliott Assoc., L.P. v. Banco De La Nacion*, No. 96 Civ. 7916 (RWS), 2000 WL 1449862, at *4 (S.D.N.Y. Sept. 29, 2000) (period of ten days was sufficient under Section

4

1610(c)). In a case similar to the present dispute, this Court found that a reasonable time had elapsed where Crystallex had filed a motion for relief pursuant to § 1610(c) less than one month after entry of judgment on its arbitral award against Venezuela, and where 60 days had elapsed between the filing of Crystallex's motion and this Court's order granting that motion. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, No. 1:16-cv-00661-RC, Order (D.D.C. Jun. 9, 2017).

In this case, almost five months have passed since the DC Court entered the Judgment, and approximately **five years** have passed since the Award was issued. The Hellenic Republic has been on notice of a substantial liability since at least January 6, 2017, when the Award was first confirmed. *See* Dkt. No. 55. On appeal, The Hellenic Republic did not challenge the DC Court's recognition and entry of judgment on the Award; it only challenged the conversion of the Award to U.S. dollars pursuant to Rule 59(e). *See* section I, *supra*. Accordingly, The Hellenic Republic has had ample time to make preparations to satisfy its obligations to Leidos, but it has simply refused to do so in spite of the binding nature of the Award. Notably, The Hellenic Republic has not appealed the Judgment (and no longer can do so), and has never sought a stay of its enforcement.

Particularly in view of The Hellenic Republic's conduct, detailed above, demonstrating its continued efforts before its own courts to annul the Award, the passage of five months following entry of the Judgment against The Hellenic Republic represents more than a sufficient period of forbearance, and the Court should authorize Leidos to commence enforcement. *See Karaha Bodas*, No. H-01-0634, 2002 WL 32107929, at *2 (refusing to delay an order pursuant to 28 U.S.C. § 1610(c) beyond 50 days following confirmation of an arbitral award, where the foreign sovereign entity "[knew] the extent of its potential liability for over a year…, when the

5

Arbitral Tribunal issued its final award" yet failed to make "arrangements even to attempt to satisfy the judgment in the event it became necessary to do so"). Several courts have explained that the "absence of progress towards paying a judgment weighs against an extended pause prior to permitting attachment." *Crystallex*, No. 1:16-cv-00661-RC, Order at 3 (D.D.C. June 9, 2017); *see also Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 8 (D.D.C. 2015). Leidos also notes that the 1998 ICC Rules of Arbitration, which the parties agreed would govern their arbitration, provided the following:

> Every Award shall be binding on the parties. By submitting the dispute to arbitration under these Rules, **the parties undertake to carry out any Award without delay** and shall be deemed to have waived their right to any form of recourse insofar as such waiver can validly be made.[2]

The Hellenic Republic's failure during the past five years to comply with its obligation to carry out the Award makes a mockery of its agreement to abide by this rule, and further underscores Leidos's concern that The Hellenic Republic, despite paying lip service to its good intentions, does not intend to satisfy the Judgment voluntarily.

Accordingly, Leidos respectfully requests that the Court enter an order pursuant to Section 1610(c) of the FSIA, so that Leidos may promptly seek to enforce the Judgment and attach The Hellenic Republic's assets in aid of execution while The Hellenic Republic still maintains assets within the United States.

\*   \*   \*

WHEREFORE, Leidos respectfully requests that the Court enter an order pursuant to 28 U.S.C. § 1610(c) finding that a reasonable period of time has elapsed following the D.C. Court's entry of the Judgment. A proposed order is attached.

---

[2] 1998 ICC Rules of Arbitration, Art. 28(6) (emphasis supplied), *available at* https://www.jus.uio.no/lm/icc.arbitration.rules.1998/28.html.

Dated: New York, New York
October 22, 2018

                        Respectfully submitted,

                        */s/ James E. Berger*

                        James E. Berger (D.C. Bar No. 481408)
                        Charlene C. Sun (D.C. Bar No. 1027854)
                        KING & SPALDING LLP
                        1185 Avenue of the Americas
                        New York, New York 10036
                        Tel: 212-556-2202
                        Fax: 212-556-2222
                        jberger@kslaw.com
                        csun@kslaw.com

                        *Attorneys for Petitioner*