UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SCIENCE APPLICATIONS INTERNATIONAL CORPORATION,<br>  Petitioner,<br><br>   v.<br><br>THE HELLENIC REPUBLIC,<br>  Respondent. | Case No. 18-mc-327 |

**RESPONDENT THE HELLENIC REPUBLIC'S OPPOSITION TO PETITIONER
LEIDOS, INC.'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. §1610(c)**

Andrew Z. Schwartz (AS2166)
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA  02210
Telephone:  617-832-1000
Facsimile:  617-832-7000
Email:  aschwartz@foleyhoag.com

Peter A. Sullivan (PS4704)
Foley Hoag LLP
1540 Broadway
23rd Floor
New York, New York 10036
Telephone:  (646) 927-5500
Facsimile:  (646) 927-5599
Email:  psullivan@foleyhoag.com

*Attorneys for Respondent the Hellenic Republic*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .....................................................................................................................1

FACTS AND PROCEDURAL HISTORY ...............................................................................2

I.      Background .....................................................................................................................2

        A.      The Contract and Resulting Criminal Investigations...............................................2

        B.      The Arbitration and Parallel Litigation in Greece and the United States ................2

II.     The Current Appeal in Greece and Suspension of Enforcement of the Award ...................4

III.    The Hellenic Republic's Good Faith Negotiations with Leidos ..........................................4

IV.    Leidos's Action to Enforce the D.D.C. Judgment in New York ........................................7

ARGUMENT ..............................................................................................................................7

CONCLUSION.........................................................................................................................11

# **TABLE OF AUTHORITIES**

**Cases**

*Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*,
    2017 U.S. Dist. LEXIS 221611 (D.D.C. June 9, 2017) ............................................................ 9

*Ferrostaal Metals Corp. v. S.S. Lash Pacifico*,
    652 F. Supp. 420 (S.D.N.Y. 1987) ............................................................................... 7, 8, 10

*Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*,
    2002 U.S. Dist. LEXIS 3976 (S.D. Tex. Jan. 24, 2002) .......................................................... 10

*Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venez.*,
    87 F. Supp. 3d 573 (S.D.N.Y. 2015), *rev'd on other grounds*,
    863 F.3d 96 (2d Cir. 2017) .................................................................................................. 9, 10

*Ned Chartering & Trading, Inc. v. Republic of Pak.*,
    130 F. Supp. 2d 64 (D.D.C. 2001) ..................................................................................... 10, 11

*Owens v. Republic of Sudan*,
    141 F. Supp. 3d 1 (D.D.C. 2015) ............................................................................................ 10

**Statutory Authorities**

28 U.S.C. §§1602 *et seq.* ................................................................................................................ 7

28 U.S.C. §1610(a) ........................................................................................................................ 7

28 U.S.C. §1610(b) ........................................................................................................................ 7

28 U.S.C. §1610(c) ................................................................................................................. passim

**Legislative Materials**

H.R. Rep. No. 1487, 94th Cong., 2d Sess. 30, *reprinted in*
    1976 U.S. Code Cong. & Ad. New 6604 ................................................................................. 8

## INTRODUCTION

Respondent the Hellenic Republic of Greece opposes Petitioner Leidos, Inc.'s ("Leidos") Motion for Relief Pursuant to 28 U.S.C. §1610(c). Leidos comes to this Court requesting permission to attach Greece's assets to enforce a judgment issued earlier this year in the District Court for the District of Columbia confirming an arbitral award from Greece. In support of its motion, Leidos relies on an incomplete evidentiary record, an uncorroborated hearsay assertion, and opinion testimony from self-interested counsel. The complete evidentiary record, however, reveals that Leidos has not met the "reasonable time" threshold under §1610(c) and should not be permitted to attach or enforce against Greece's assets.

The Greek Supreme Court recently enjoined enforcement of the same arbitral award that Leidos seeks to enforce. The validity of that award is clouded by a high-profile bribery and public corruption scandal associated with the underlying transaction between Leidos and the Hellenic Republic. The Greek Supreme Court is currently considering the Hellenic Republic's appeal to annul the award. While that appeal has been pending, the Hellenic Republic has been negotiating with Leidos in good faith to arrange for payment of the approximately €50 million award, with security in case the award is later annulled. Without such security, the Hellenic Republic risks paying the award, successfully getting it annulled, and then having little to no ability to get its money back. In these circumstances, Greek law requires proper security for payment, and Greek government officials must obey Greek law.

The Greek Supreme Court will decide the Hellenic Republic's appeal in a matter of months. Given the short time frame, Greece's good faith participation in payment negotiations, and the lack of any allegation whatsoever that Greece has transferred assets to avoid paying the

award, it would be inappropriate for this Court to permit Leidos to enforce the judgment against Greece's assets. Accordingly, the Court should deny Leidos's motion for relief under §1610(c).

## FACTS AND PROCEDURAL HISTORY

### I.  Background

#### A.  The Contract and Resulting Criminal Investigations

In 2002, the Hellenic Republic commenced a bidding and negotiation process to procure an operations security and support information system for the 2004 Summer Olympic Games in Athens.  *See* The Hellenic Republic's Petition for Appeal to the Greek Supreme Court ("Appeal Pet.") ¶1, attached as Ex. A.  On May 19, 2003, the Hellenic Republic entered into a contract with Leidos, then known as Science Applications International Corporation, to provide that system.  *Id.*  The Hellenic Republic later learned, through investigations by law enforcement, media organizations, and an American law firm, that Leidos's primary subcontractor for this project, Siemens Hellas S.A. ("Siemens"), committed bribery and other corrupt practices in connection with the contract.  *Id.* ¶3.  The investigations revealed that Siemens executives bribed high-ranking Greek government officials using money laundered through a complex network of shell entities.  *Id.*  These revelations gave rise to a significant political scandal in Greece that has received extensive international press coverage.  *See* collection of news articles attached as Ex. B.  The investigations have also led to a raft of criminal indictments and convictions in Greece and Germany.  Appeal Pet. ¶3.  Some of the indicted individuals are executives of not only Siemens but Leidos as well.  *Id.*  Several criminal prosecutions are still pending.  *Id.*

#### B.  The Arbitration and Parallel Litigation in Greece and the United States

After the parties entered into the 2003 contract, a dispute developed concerning the quality of Leidos's performance under the contract and the Hellenic Republic's payment obligations.  Appeal Pet. ¶¶1-2.  The dispute went to arbitration before the International Chamber

of Commerce ("ICC") in Greece.  Declaration of Dimitrios Katopodis ("Katopodis Decl.") ¶5. In 2013, the ICC issued an award in favor of Leidos.  *Id.* ¶6.  In July 2013, Leidos attempted to circumvent the Greek legal process by filing a petition to confirm the arbitral award in the United States District Court for the District of Columbia ("D.D.C.").  D.D.C. Docket No. 1:13-cv-01070-EGS.  In September 2013, the Hellenic Republic filed a complaint in the Athens Court of Appeal to annul the award on public policy grounds due to the criminal activity associated with the underlying contract.  Katopodis Decl. ¶7.

In June 2014, the Athens Court of Appeal ruled in favor of the Hellenic Republic and annulled the arbitral award.  Katopodis Decl. ¶8.  Leidos appealed to the Greek Supreme Court. *Id.* ¶9.  In September 2016, the Greek Supreme Court vacated the annulment of the award and remanded the case to the Athens Court of Appeal for further consideration.  *Id.* ¶10.  A few months later, on January 6, 2017, the D.D.C. issued a judgment confirming the arbitral award. D.D.C. Docket Entry ("D.E.") Nos. 53-55.  After post-judgment motion practice and Greece's successful appeal to the D.C. Circuit concerning the denomination of the award (euros v. dollars), the D.D.C. issued a revised judgment on May 29, 2018, effective as of January 6, 2017. D.D.C. D.E. No. 69.

Meanwhile, the proceedings in Greece have continued apace.  On July 13, 2017, the Athens Court of Appeal, on remand from the Greek Supreme Court, issued a divided panel decision in which a majority denied the Hellenic Republic's petition to annul the award. Katopodis Decl. ¶11.  A dissenting judge, however, contended that the arbitral award should be annulled because the ICC denied the Hellenic Republic's rights to a fair trial and equal treatment by commencing the arbitration before the criminal proceedings concluded.  *See* Appeal Pet. ¶12.

3

## II. The Current Appeal in Greece and Suspension of Enforcement of the Award

On March 14, 2018, the Hellenic Republic appealed the Athens Court of Appeal's latest decision back up to the Greek Supreme Court. Katopodis Decl. ¶12. The Hellenic Republic argues that the Court of Appeal's dissenting judge was correct: the award should be annulled as a matter of law because the ICC violated the Hellenic Republic's rights to a fair hearing and equal treatment by conducting the arbitration before the criminal proceedings were completed. Appeal Pet. ¶¶8-9, 11-13. The ICC thereby deprived the Hellenic Republic of the opportunity to acquire, develop, and present complete evidence from the criminal investigations into the corrupt procurement of the underlying contract with Leidos. *Id.*

On September 3, 2018, the Hellenic Republic applied to the Greek Supreme Court for a temporary restraining order suspending enforcement of the award. Katopodis Decl. ¶¶14-15. The Greek Supreme Court granted the temporary restraining order and later extended it such that enforcement of the award is suspended until the Greek Supreme Court issues a decision on the merits of the Hellenic Republic's appeal. *Id.* at ¶¶16-21.

The Greek Supreme Court held a hearing on the Hellenic Republic's appeal on December 3, 2018, just four days ago. *Id.* ¶22. The Hellenic Republic anticipates that the Greek Supreme Court will issue its decision in approximately the spring of 2019.

## III. The Hellenic Republic's Good Faith Negotiations with Leidos

Contrary to Leidos's assertions, there is no "uncertainty" concerning the Hellenic Republic's intention concerning payment of the arbitral award. The Hellenic Republic has been consistently clear that it intends to pay the award if the Greek proceedings conclude in Leidos's favor. Though the Hellenic Republic has, and is pursuing, a viable path to vacate the arbitral

4

award, the Hellenic Republic has negotiated in good faith to post payment of the award as permitted by Greek law.

Leidos's discussion of the parties' negotiation history is incomplete and misleading. Leidos, through a declaration of counsel, alleges that "[o]n July 3, 2018, Gregory M. Pelecanos, Leidos' Greek counsel in connection with this matter, received a call from the Hellenic Republic's counsel in Athens who indicated that the Hellenic Republic no longer wished to contest the award and would take steps to pay it voluntarily." D.E. No. 4-2 ¶6. The declarant is not alleged to have participated in this call or otherwise have personal knowledge of it. Nor does Leidos explain what is meant by "indicated." Attached to the declaration is a purportedly "true and correct copy" of a witness statement that Mr. Pelecanos submitted to the High Court of Justice in London, but that statement does not mention a July 3, 2018 telephone call, rendering Leidos's account of that call uncorroborated hearsay. D.E. No. 4-4.

Further, the parties' written communications concerning potential payment of the award do not mention any oral representation that the Hellenic Republic would no longer contest the award. Leidos also failed to provide the Court with a complete record of that correspondence. The Pelecanos statement, as filed in the United Kingdom, included an exhibit containing four letters exchanged between the Hellenic Republic and Leidos from July to September 2018. Leidos included only one of those letters with the Pelecanos statement submitted to the Court. D.E. No. 4-5. Attached to this Opposition is a complete, translated copy of the complete Pelecanos exhibit, containing all four letters. *See* Ex. C. Those four letters, as well as a fifth letter sent since Leidos filed its motion, reveal that, contrary to the impression Leidos seeks to create, the Hellenic Republic has been negotiating in good faith to post payment of the award in compliance with applicable law.

5

The first letter is dated July 13, 2018.  In that letter, the Hellenic Republic informed Leidos that it would initiate procedures to issue payment to Leidos and would follow up to obtain necessary information.  Katopodis Decl. at Annex 1.  The Hellenic Republic did not represent that it would cease contesting the validity of the award.  *Id.*

Leidos responded on August 9, 2013.  Katopodis Decl. at Annex 2.  Leidos asked the Hellenic Republic to deposit the funds into a specific account within 28 days.  Leidos did not refer to any alleged commitment by the Hellenic Republic to refrain from contesting the award.  Instead, Leidos asked the Hellenic Republic to terminate the Greek court proceedings and "waive any rights of contesting the Arbitration Award or the Payable Amount."  In its §1610(c) motion, Leidos does not mention that it attempted to impose such a condition in connection with the Hellenic Republic's offer to pay the award.

On September 6, 2018, the Hellenic Republic sent a letter in which it offered to pay the award so long as Leidos posted a guarantee that would enable the Hellenic Republic to recoup the funds if the award is annulled.  Katopodis Decl. at Annex 3.  Leidos responded on September 17, 2018, asserting, without citation, that the Hellenic Republic's request for security was "unconstitutional."  Katopodis Decl. at Annex 4.  On October 1, 2018, the Greek Supreme Court described Leidos's position as "ill-founded."  Katopodis Decl. ¶21.  The Greek Supreme Court cited Article 4 paragraph 1 of Greece's Law 3068/2002, which requires a bank letter of guarantee to enforce a pecuniary claim against the state.  *Id.* ¶21, Annex 6 at 15-16.  The Hellenic Republic sent Leidos another letter on October 24, 2018, explaining further that Greek law prohibits the Hellenic Republic from accepting an alternative form of security.  Katopodis Decl. at Annex 5.  The Hellenic Republic remains willing to deposit the full amount of the award into an escrow

6

account, pursuant to terms permitted by Greek law, pending the outcome of the Greek legal proceedings.

## IV.     Leidos's Action to Enforce the D.D.C. Judgment in New York

On July 11, 2018, Leidos opened a third front in this litigation when it initiated the present action to enforce the D.D.C. judgment in this Court. D.E. No. 1.[1] On October 22, 2018, Leidos filed its motion for permission under 28 U.S.C. §1610(c) to begin executing the judgment. The next day, Leidos purported to serve a set of document requests on the Hellenic Republic. *See* Ex. D. The requests are 75 in number, and many have multiple subparts. They are extraordinarily broad, invasive, and burdensome. Leidos essentially requests any and all documents relating to any and all financial or commercial activity of the Hellenic Republic and/or any of its agencies or instrumentalities, not just in New York, and not just in the United States, but anywhere in the world since 2009. On November 7, 2018, Leidos served a set of similarly burdensome interrogatories. *See* Ex. E. Leidos also served a notice of deposition under Fed. R. Civ. P. 30(b)(6) demanding that the Hellenic Republic send a representative to New York in early January 2019 to testify about the Hellenic Republic's commercial activity, finances, and instrumentalities inside and outside of Greece. *See* Ex. F.

## ARGUMENT

The Foreign Sovereign Immunities Act, 28 U.S.C. §§1602 *et seq.* ("FSIA"), governs the circumstances in which the property of a foreign state in the United States can be attached or subject to execution. Under §1610(c), "[n]o attachment or execution referred to in subsections

---

[1] That Leidos filed this case only eight days after the Hellenic Republic allegedly said that it would stop contesting the award casts further doubt on Leidos's characterization of that conversation.

(a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment ….." Whether to issue such an order rests within the Court's discretion. *See Ferrostaal Metals Corp. v. S.S. Lash Pacifico*, 652 F. Supp. 420, 423 (S.D.N.Y. 1987) (citing H.R. Rep. No. 1487, 94th Cong., 2d Sess. 30, *reprinted in* 1976 U.S. Code Cong. & Ad. News 6604, 6629). In determining whether a reasonable period of time has elapsed, factors to consider are "account procedures, including legislation, that may be necessary for payment of a judgment by a foreign state, which may take several months; representations by the foreign state of steps being taken to satisfy the judgment; or any steps being taken to satisfy the judgment; or evidence that the foreign state is about to remove assets from the jurisdiction to frustrate satisfaction of the judgment." *Id.*

Leidos has failed to establish that sufficient time has passed under §1610(c). Leidos does not allege that the Hellenic Republic is about to remove assets from New York. Rather, Leidos argues that it should receive §1610(c) relief because five months have passed since the D.D.C. judgment, the Hellenic Republic has not dropped its case in Greece to annul the award, and the Hellenic Republic has allegedly been unclear about its position concerning payment. None of those points is persuasive. The five month period since the D.D.C. judgment is miniscule in relation to the timing of this dispute as a whole, which began with a contract executed in 2003, proceeded to arbitration in 2009, and has been litigated in multiple jurisdictions ever since. The Greek Supreme Court has issued a restraining order against enforcement of the award until it decides the Hellenic Republic's appeal. A hearing in that appeal occurred earlier this week. Leidos improperly attempts to handicap the result of that appeal by offering, in the guise of fact testimony, the "opinion" of Mr. Pelecanos concerning the strength of the appeal. D.E. No. 4-4

¶14.  Mr. Pelecanos is not an outside expert.  He is Leidos's Greek counsel.  The Court should disregard his opinion about the merits of his own case.

In any event, the Greek Supreme Court will likely issue its decision in just a few months and will provide crucial information as to whether there will be an award to pay.  In such circumstances, the "prudent solution" is to refrain from enforcing the judgment until the Greek appeal is resolved.  *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venez.*, 87 F. Supp. 3d 573, 602-03 (S.D.N.Y. 2015) (staying enforcement of judgment while award was suspended pending application to arbitral tribunal for revision), *rev'd on other grounds*, 863 F.3d 96 (2d Cir. 2017).

Moreover, contrary to Leidos's assertions, the Hellenic Republic has not "created uncertainty concerning its true intentions."  Indeed, the complete correspondence between the parties demonstrates that Mr. Pelecanos's statement, "the Hellenic Republic has given indications that it is not willing to agree to reasonable terms of payment," is false.  The Hellenic Republic has offered, and continues to offer, to post payment for the satisfaction of the judgment, with security in case the award on which the judgment is based is annulled.  As the Hellenic Republic explained to Leidos, and as the Greek Supreme Court has confirmed, that is the approach that Greek law permits.  Katopodis Decl. at ¶21, Annex 3, 5.

Because the Hellenic Republic has negotiated in good faith to pay the award on reasonable terms, this case does not resemble the cases on which Leidos relies.  In those cases, the judgment debtors took no steps toward making payment and/or attempted to evade it.  *See, e.g.*, *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 2017 U.S. Dist. LEXIS 221611, at *3 (D.D.C. June 9, 2017) (noting that "Respondent's failure to assert that it is attempting to pay the judgment or provide any evidence of such efforts … weighs against an extended pause prior

9

to permitting attachment"); *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015) (finding that a reasonable time has passed "[i]n the absence of any evidence that defendants are making efforts to pay these judgments voluntarily"); *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 2002 U.S. Dist. LEXIS 3976, at *6 (S.D. Tex. Jan. 24, 2002) (finding that a reasonable time has passed due to the lack of evidence of attempts to satisfy the judgment, assurances of steps to pay, or negotiation of interim arrangements); *Ned Chartering & Trading, Inc. v. Republic of Pak.*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (observing that defendant had taken no steps toward payment and was "actually attempting to evade its obligation").

The legislative history cited in *Ferrostaal Metals* suggests that a purpose of §1610(c)'s reasonable period requirement is to allow a foreign state to make arrangements for voluntary payment. That is exactly what the Hellenic Republic has endeavored to do, consistent with its governing law. Leidos, however, refuses to cooperate. It instead initiated this action and, without even waiting for the Court to rule on this motion, launched worldwide discovery in a transparent attempt to gain leverage in the negotiations. Nevertheless, the Hellenic Republic remains willing to post payment for the full amount of the award pending the outcome of the ongoing Greek legal proceedings, so long as the payment is secured by bank letter of guarantee as provided by Greek law. That is a far more reasonable approach than allowing Leidos to attach assets and commence execution. If Leidos were permitted to seize the Hellenic Republic's assets, then there would be no assurance that the Hellenic Republic could recover those assets if the arbitral award is annulled. In *Mobil*, the Court stayed enforcement of a judgment to avoid a similar outcome. 87 F. Supp. 3d at 603. This Court should reach the same conclusion.

In sum, the Court should deny Leidos's request for §1610(c) relief and await the Greek Supreme Court's decision. At that time, if Leidos prevails, and the Greek Supreme Court dismisses the Hellenic Republic's appeal, then the Hellenic Republic will abide by that decision and honor its commitments in accordance with Greek law. If the Hellenic Republic prevails, and the Greek Supreme Court vacates the arbitral award, then §1610(c) relief will be inappropriate because there will be no underlying award to collect and the Hellenic Republic should be relieved from the D.D.C. judgment pursuant to Fed. R. Civ. P. 60(b). In the interim, in the interests of international comity, the Court should refrain from permitting Leidos to attach or execute against the Hellenic Republic's assets because such relief is premature and would not "bespeak the respect to foreign nations that is an important aspect of the FSIA." *Ned Chartering & Trading*, 130 F. Supp. 2d at 67.

## CONCLUSION

For the foregoing reasons, the Hellenic Republic respectfully requests that the Court deny Leidos's motion for relief pursuant to 28 U.S.C. §1610(c).

        Respectfully submitted,

        <u>S/ Andrew Z. Schwartz</u>
        Andrew Z. Schwartz (AS2166)
        Foley Hoag LLP
        155 Seaport Boulevard
        Boston, MA  02210
        Telephone:  617-832-1000
        Facsimile:  617-832-7000
        Email:  aschwartz@foleyhoag.com

        Peter A. Sullivan (PS4704)
        Foley Hoag LLP
        1540 Broadway
        23rd Floor
        New York, New York 10036
        Telephone:  (646) 927-5500
        Facsimile:  (646) 927-5599
        Email:  psullivan@foleyhoag.com

        *Attorneys for Respondent the Hellenic Republic*

Dated: December 7, 2018