| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>SCIENCE APPLICATIONS INTERNATIONAL<br>CORPORATION,<br><br>                      Petitioner,<br><br>                      -against-<br><br>THE HELLENIC REPUBLIC,<br><br>                      Respondent. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: __4/24/2019____<br><br><br>18 Misc. 327 (AT) (GWG)<br><br>**<u>ORDER</u>** |

ANALISA TORRES, District Judge:

      This proceeding arises from a judgment entered by the United States District Court for the District of Columbia (the "D.C. Court") against Respondent, the Hellenic Republic, that Petitioner, Science Applications International Corporation,[1] registered in this district. Petitioner moves for an order finding that a "reasonable period of time" has elapsed since the judgment was entered pursuant to 28 U.S.C. § 1610(c). ECF No. 3. For the reasons stated below, Petitioner's motion is GRANTED.

## BACKGROUND

      This case addresses the following scenario. An arbitral award is rendered against a foreign state in a proceeding held in that foreign state. Then, in a United States district court, the prevailing party successfully obtains a judgment enforcing the award against the foreign state. The prevailing party wants to attach the foreign state's assets to satisfy the judgment, so it moves the district court—in this case, a different district court than the one that entered the judgment—for an order finding that a "reasonable period of time" has elapsed since the judgment was entered pursuant to 28 U.S.C. § 1610(c). In the meantime, proceedings are ongoing in the

---

[1] Petitioner is now named Leidos, Inc., although "[w]hen it entered into the contract with the Hellenic Republic (and when it initiated this lawsuit), Leidos was named the Science Applications International Corporation. Its changed name does not carry any legal significance." *See Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 214 n.1 (D.C. Cir. 2018).

foreign state's courts to invalidate the arbitral award. Do these circumstances prevent the district court from finding that a "reasonable period of time" has elapsed? The Court answers that question in the negative, and finds that here, a "reasonable period of time" has elapsed.

In 2002, Petitioner and Respondent entered into a contract in which Petitioner agreed to provide an operations security and support system to Respondent in connection with the 2004 Olympic Games in Athens. Resp. Opp. Ex. A ¶ 1, ECF No. 11-1.[2] Thereafter, a dispute arose concerning the contract. *Id.* ¶¶ 1–2. On June 16, 2009, Petitioner commenced arbitration in Greece. Katopodis Decl. ¶ 5, ECF No. 11-7. In 2013, the arbitration panel issued an award (the "Award") in favor of Petitioner. *Id.* ¶ 6. Pursuant to the Award, Respondent was required to pay Petitioner €39,818,298, $162,500 in arbitration costs, and interest. *See* D.C. Pet., D.C. ECF No. 1 ¶¶ 31–32.

On July 12, 2013, Petitioner filed a petition in the D.C. Court seeking an order confirming the arbitration award and entering judgment in its favor. *See generally id.* In an opinion dated January 5, 2017, the D.C. Court granted the petition, D.C. ECF No. 54, and on January 6, 2017, judgment for Petitioner in the amount of €39,818,298 was entered, D.C. ECF No. 55. On January 27, 2017, Petitioner moved the D.C. Court for an order (1) correcting the judgment, arguing that it should have included arbitral fees and interest (both pre-judgment and post-judgment), and (2) converting the revised judgment from euros to United States dollars. D.C. ECF No. 56 at 1–2. On April 13, 2017, the D.C. Court granted Petitioner's motion, D.C. ECF Nos. 59, 60, and on April 18, 2017, the D.C. Court entered judgment for Petitioner in the amount of $62,731,104.80 plus post-judgment interest, D.C. ECF No. 61.

---

[2] Documents filed before the D.C. Court, Case No. 13 Civ. 1070, are cited as "D.C. ECF No. __." Documents filed before this Court are cited as "ECF No. __."

On May 10, 2017, Respondent appealed the judgment to the D.C. Circuit. *See* D.C. ECF No. 62. In its opinion, the D.C. Circuit noted that "[t]he Hellenic Republic now appeals only the conversion of the arbitral award [to U.S. dollars]." *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 216 (D.C. Circ. 2018). The D.C. Circuit reversed the D.C. Court, holding that the judgment should have been entered in euros, and remanded to the D.C. Court. *Id.* at 220. On May 29, 2018, the D.C. Court entered judgment for Petitioner in the amount of €47,933,905.64 plus $196,531.51 and post-judgment interest (the "Judgment"). Judgment, D.C. ECF No. 69.[3] On July 11, 2018, Petitioner registered the Judgment in this district pursuant to 28 U.S.C. § 1963. ECF No. 1.

Meanwhile, on September 5, 2013, Respondent filed an action in the Athens Court of Appeal seeking to annul the Award. Katopodis Decl. ¶ 7. In June 2014, the Athens Court of Appeal annulled the Award. *Id.* ¶ 8. On September 22, 2016, the Greek Supreme Court vacated the Athens Court of Appeal's decision and remanded for further proceedings. *Id.* ¶ 10; *see also* 881 F.3d at 215–16 (discussing the case's procedural history through the date of the D.C. Circuit's decision). On July 13, 2017, the Athens Court of Appeal dismissed Respondent's action seeking to annul the Award. Katopodis Decl. ¶ 11. On March 14, 2018, Respondent appealed the Athens Court of Appeal's latest decision to the Greek Supreme Court. *Id.* ¶ 12. That decision is pending. *See* ECF No. 33 at 1. However, in the meantime, the Greek Supreme Court suspended enforcement of the Award pending its decision. Katopodis Decl. ¶ 17.

On October 22, 2018, Petitioner filed a motion in this Court pursuant to 28 U.S.C. § 1610(c), seeking a finding that a "reasonable period of time" has elapsed following the entry of the Judgment. ECF No. 3.

---

[3] The increased amounts reflect the inclusion of pre-judgment interest. *See* D.C. ECF No. 60 at 5.

**DISCUSSION**

I.       Legal Standard

Pursuant to the Foreign Sovereign Immunities Act, the property of an agency or instrumentality of a foreign state within the United States may not be attached "until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any [required] notice." 28 U.S.C. § 1610(c). The statute does not define what constitutes a "reasonable time." Factors that courts consider, however, include "procedures, including legislation, that may be necessary for payment of a judgment by a foreign state, which may take several months; representations by the foreign state of steps being taken to satisfy the judgment; or any steps being taken to satisfy the judgment; or evidence that the foreign state is about to remove assets from the jurisdiction to frustrate satisfaction of the judgment." *Ferrostaal Metals Corp. v. S.S. Lash Pacifico*, 652 F. Supp. 420, 423 (S.D.N.Y. 1987) (quoting H.R. Rep. No. 1487, at 30 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6604, 6629).

II.      Analysis

Almost eleven months have passed since the D.C. Court entered the Judgment on May 29, 2018. *See* Judgment. Although "the period of 'reasonable time' will of course vary according to the nuances of each case," *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001), Respondent has not cited any cases in which this period of time or longer has not met the requirement. Petitioner, on the other hand, has cited numerous cases in which a court has found shorter periods of time to be "reasonable." *See, e.g.*, *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015) (three months); *Ned Chartering*, 130 F.

4

Supp. 2d at 67 (six weeks); *Gadsby & Hannah v. Socialist Republic of Romania*, 698 F. Supp. 483, 486 (S.D.N.Y. 1988) (two months).

Respondent's main argument that a "reasonable period of time" has not passed since the entry of the Judgment is that its action to invalidate the Award is pending before the Greek Supreme Court, which has temporarily suspended enforcement of the Award pending its decision. *See* Resp. Opp. at 11, ECF No. 11 ("In sum, the Court should deny [Petitioner's] request for § 1610(c) relief and await the Greek Supreme Court's decision.").[4]

It is true that hypothetically, if the Greek Supreme Court were to invalidate the Award, Respondent could move the D.C. Court to vacate the Judgment. In *Thai-Lao Lignite (Thailand) Co. v. Government of the Lao People's Democratic Republic*, the Second Circuit affirmed the district court's decision to vacate its judgment against Laos pursuant to Rule 60(b) of the Federal Rules of Civil Procedure when the underlying award—which arose out of an arbitration in Malaysia—was annulled by the Malaysian courts. 864 F.3d 172, 175, 177 (2d Cir. 2017). *Thai-Lao Lignite*, however, does not preclude a § 1610(c) finding for two reasons. First, the case did not concern § 1610(c). Rather, it concerned the validity of the underlying judgment, an issue that is not before this Court (or the D.C. Court)—because the Award has not been annulled. Second, even after the Malaysian courts vacated the arbitral award in *Thai-Lao*, the district court declined to stay enforcement proceedings before rendering a decision on its Rule 60(b) motion, noting that "the Malaysian court's decision does not automatically render the original judgment invalid . . .; such a determination must wait until the Court has examined the merits of

---

[4] Respondent does not argue that any other circumstances require an extended period of time to satisfy the Judgment—for example, it does not argue that "procedures, including legislation, [] are necessary for payment" of the Judgment, *see Ferrostaal Metals Corp.*, 652 F. Supp. at 423; *see also* Resp. Opp. at 4 ("[Respondent] has been consistently clear that it intends to pay the [A]ward if the Greek proceedings conclude in [Petitioner's] favor."). Nor does Respondent argue that it has not received notice of the Judgment.

5

Respondent's Rule 60(b) motion." No. 10 Civ. 5256, 2013 WL 1703873, at *2 (S.D.N.Y. Apr. 19, 2013). Put differently, it held that "[a]bsent a successful motion to stay enforcement proceedings . . . or a successful challenge under Rule 60, the Court's judgment remains valid and enforceable. Consequently, the Court's original judgment enforcing the Malaysian arbitral award remains in effect, and proceedings to enforce that judgment must go forward." *Id.*

Decisions on § 1610(c) motions also support Petitioner's argument here. In *Owens*, the Republic of Sudan argued after judgments had been entered against it that the court "should interpret § 1610(c) to require waiting until the judgments can no longer be appealed." 141 F. Supp. 3d at 4. The court rejected Sudan's request to interpret the word "judgment" in the statute as "a final, non-appealable judgment," noting that

> [Section] 1610 does not forbid execution within some proximity of "final judgment"—it doesn't say "final" at all. It says execution cannot proceed until "a reasonable period of time has elapsed following the entry of judgment." . . . With the passage of a reasonable time specifically tethered to the event of the entry of judgment, there is no plausible hook in § 1610(c)'s text for Sudan's theory.

*Id.* at 9 (quoting 28 U.S.C. § 1610(c)). Although that case concerned the possibility of an appeal of the judgment in United States courts, as opposed to the possibility of the Award being invalidated in foreign courts, the same reasoning applies—Section 1610(c) does not preclude a finding that a reasonable time has passed just because a judgment *may*, one way or another, eventually be vacated.

Respondent also makes the related argument that pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), the Greek Supreme Court's decision to temporarily suspend the Award provides this Court another reason to withhold making a § 1610(c) finding at this time. *See* Resp. Ltr. at 2, ECF No. 33 (citing New York Convention art. 5(1)(e), June 10, 1958, 21 U.S.T. 2517 ("Recognition and

6

enforcement of the award may be refused [if] . . .[t]he award . . . has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.")). By making this argument and by requesting that the Court find that a "reasonable period of time" has not elapsed until the Greek Supreme Court renders its decision, Respondent is effectively requesting a stay of enforcement, as Petitioner recognizes. Pet. Reply at 5, ECF No. 14.

Respondent already made a request for a stay before the D.C. Court, and it was rejected. In 2013, before entering the initial judgment for Petitioner, the D.C. Court considered whether to adjourn enforcement of the Award until after the resolution of the proceedings in the Greek Courts, and declined to do so. D.C. ECF No. 54. The Court sees no reason to disturb that holding in the context of this § 1610(c) motion. *See* 28 U.S.C. § 1963 ("A judgment [rendered in a different district] shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner."). Although the Greek Supreme Court's temporary suspension of the Award occurred after the D.C. Court entered the Judgment, the D.C. Court considered essentially the same issue—the possibility that the Greek courts could vacate the Award—and declined to stay proceedings. This Court will not disturb that decision. *Cf. Royal & Sun All. Ins. Co. of Can. v. Century Int'l Arms, Inc.*, 466 F.3d 88, 92 (2d Cir. 2006) ("The mere existence of parallel foreign proceedings does not negate the district courts' virtually unflagging obligation to exercise the jurisdiction given them." (internal quotation marks, citation, and ellipsis omitted)).

For the reasons stated above, Petitioner's motion for an order finding that a "reasonable period of time" has elapsed following the entry of judgment pursuant to 28 U.S.C. § 1610(c) is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 3.

SO ORDERED.

Dated: April 24, 2019
      New York, New York

_____
ANALISA TORRES
United States District Judge